**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**GLEN OWENS**                                                                                    **PLAINTIFF**

**V.**                                                                    **CAUSE NO. 3:16-CV-00451-CWR-LRA**

**CITY OF FLOWOOD, MISSISSIPPI, ET**                                        **DEFENDANTS**
**AL.**

## ORDER

Before the Court is the defendants' motion to dismiss. Docket No. 3.  The motion has been fully briefed and the Court is ready to rule.

## I.      Factual and Procedural History

Plaintiff Glen Owens is a long-time employee of the City of Flowood's Fire Department and a former employee of the Reservoir Fire Department, where he maintained a second job.  He alleges that he was forced to resign from the Reservoir Fire Department because the City of Flowood issued a policy in July 2013 prohibiting its firefighters from working for any other department.  Owens claims that the City, by failing to provide a hearing or an opportunity to be heard before enacting the policy, deprived him of a property interest without due process of law. He filed this suit against the City of Flowood and members of its Board of Aldermen in their official and individual capacities, claiming a due process violation of the Fourteenth Amendment, a violation of Mississippi Code Annotated § 25-9-127, and negligent infliction of emotional distress.

## II.     Legal Standard

When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's factual allegations as true and makes all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To proceed, the complaint "must contain a short

and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted).  This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted).  The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## III.   Discussion

Owens concedes that Mississippi Code § 25-9-127 only provides protection to state service employees, of which he is not.  Docket No. 11.  Therefore, he agrees that dismissal of the purported claim brought under the statute is appropriate.  What remains to be addressed are his Fourteenth Amendment and negligent infliction of emotional distress claims.

### A.   Fourteenth Amendment Claim

At the heart of the complaint is Owens' contention that the City's newly enacted policy forced him to give up his second job at the Reservoir Fire Department, thereby depriving him of a property interest without due process of the law in violation of the Fourteenth Amendment. Docket No. 1-1.  He asserts this claim against the defendants under 42 U.S.C. § 1983.[1]

The claims against the Aldermen in their individual capacities fail because liability under § 1983 only attaches to final decision-makers.  *See Johnson v. La.*, 369 F.3d 826, 831 (5th Cir.

---

[1] Title 42 U.S.C. § 1983 states the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2004).  Under Mississippi law, a municipal board acts as a body.  *Smith v. Bd. of Supervisors of Tallahatchie Cty.*, 86 So. 707, 709 (Miss. 1921).  None of the members, individually, can implement policy; that requires a vote from the full board.  *See, e.g., Crabb v. Itawamba Cty., Miss*, No. 1:04-CV-138-P-D, 2005 WL 2648017, at *2 (N.D. Miss. Oct. 17, 2005) (holding that an individual member of the county board of supervisors could not be liable for his vote under § 1983).[2]  Therefore, the Aldermen cannot be held individually liable under § 1983.  All that persist are the claims against the City and the Aldermen in their official capacities.

To state a § 1983 claim against the municipality, Owens must allege a constitutional or federal law violation and an official policy or custom that was the moving force behind the violation.  *Piotrowski v City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001); *Brown v. Bryan Cty., Okla,* 219 F.3d 450, 457 (5th Cir. 2000).[3]  Since he is claiming "a procedural due process [violation] . . . , [he] must first identify a protected life, liberty[,] or property interest and then prove that governmental action resulted in a deprivation of that interest."  *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001).  Owens does not meet the first requirement.

He contends that he had a protectable property interest in his employment with the Reservoir Fire Department.  Docket Nos. 1-1 and 11.  Under Mississippi law, however, his employment was at-will "unless an express or implied contract, state law, or local ordinance indicate[d] otherwise."  *Johnson v. City of Shelby, Miss.*, 642 F. App'x 380, 383 (5th Cir. 2016) (citing *Levens v. Campbell*, 733 So. 2d 753, 763 (Miss. 1999)).  The complaint is void of any

---

[2] "The reasoning behind this rule is to protect the board from being bound by the unauthorized acts of individual member of the board or an agent thereof."  *Community Extended Care Centers, Inc. v. Bd. of Supervisors for Humphreys Cty.*, 756 So. 2d 798, 802 (Miss. Ct. App. 1999).

[3] The same standard applies to the defendants sued in their official capacities because the "suit [against them] is in all respects other than name, to be treated as a suit against the [governmental] entity."  *Ky. v. Graham*, 473 U.S. 159, 166 (1985).

allegations that such a contract exists and the law does not establish such a right.  *See* Docket No. 1-1.

Owens' responsive brief argues that his employment with the *Flowood Fire Department* and its Standard Operating Procedures Manual somehow created a property interest in his employment with the *Reservoir Fire Department*.  Docket No. 11.  While a detailed employment manual or handbook with an outlined disciplinary scheme can, if the relationship is not explicitly characterized as at-will, establish a property interest in continued employment, *Johnson*, 642 F. App'x at 383, it is difficult to conceive how one employer's policies can affect the at-will nature of another employer's relationship.  Whatever interest was created by the manual is relevant only to Owens' employment with the Flowood Fire Department, which is not at issue.

The Court, therefore, finds that Owens has not identified a property interest of which he was deprived.  Consequently, he has failed to allege a due process violation.

**B.     Negligent Infliction of Emotional Distress Claim**

Owens' state law claim is time-barred by the Mississippi Tort Claims Act, which "is the exclusive remedy for filing a lawsuit against [a] governmental entit[y] and its employees."  *City of Jackson v. Brister*, 838 So. 2d 274, 278 (Miss. 2003).  Pursuant to the statute, he was required to file notice of his negligent infliction of emotional distress claim with the city clerk within one year of its accrual.  Miss. Code Ann. § 11-46-11(1)-(3)(a); *see also Suddith v. Univ. of S. Miss*., 977 So. 2d 1158, 1177-78 (Miss. Ct. App. 2007) (noting that the procedural prerequisites to bringing a claim under the MTCA include exhaustion of all administrative remedies with the particular governmental entity, filing a written notice of a claim with the chief executive officer of the governmental entity ninety days prior to filing suit, and including specific categories of information that must be included in that notice).

It is undisputed that Flowood issued its policy change in July 2013 and Owens quit his job with the Reservoir Fire Department that same month.  *See* Docket Nos. 4 and 11.  The instant lawsuit, however, was not filed until June 14, 2016.  Owens' complaint does not allege that he gave pre-suit notice nor has he rebutted the defendants' assertion that he failed to do so.  He simply argues that the claim is not barred by the MTCA.  Docket No. 11.

Had Owens given notice, as the defendants argue, his claim would face yet another barrier.  *See* Docket No. 4.  It is barred by the exclusivity provision of Mississippi's Workers Compensation Act.  *McNeil v. Quality Logistics Sys., Inc.*, No. 3:15-CV-00927-CWR-FKB, 2016 WL 6999483, at *4 (S.D. Miss. Nov. 30, 2016).

**IV.     Conclusion**

Accordingly, the defendants' motion to dismiss is granted in full.  The plaintiff's claims are dismissed.  A separate Final Judgment will issue.

**SO ORDERED**, this the 23rd day of January, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE